IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BILLY TYLER, | ) | 8:14CV209 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| COFFEY, Judge Douglas County Nebraska District Court, and JOHN FRIEND, Clerk of Nebraskkk District Court Douglas County, | ) | |
| Defendants. | ) | |

Plaintiff Billy Tyler ("Plaintiff" or "Tyler") filed an unsigned Complaint (Filing No. 1) in this matter on July 21, 2014. He filed a signed Complaint (Filing No. 1-1) on September 2, 2014. The court granted Tyler leave to proceed in forma pauperis on September 10, 2014. (Filing No. 7.) The court now conducts an initial review of Tyler's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Tyler filed this action pursuant to 42 U.S.C. § 1983 against Judge Coffey and John Friend. Tyler alleged Judge Coffey is a state court judge in the Douglas County District Court ("state district court"), and Friend is clerk of the state district court. He alleged Defendants have developed a policy or practice of "flagg[ing]" complaints filed by him or anyone they believe to be "associated with" him[1] and directly

---

[1] It appears Tyler may have intended to raise claims on behalf of his associates as well as himself, but he may not do so. Pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013).

assigning those cases to Judge Coffey. (Filing No. 1-1 at CM/ECF p. 2.) Tyler alleged Defendants' actions are a result of an order by the Nebraska Supreme Court directing Tyler "not to help or discuss [or] instruct anyone in law." (*Id.* at CM/ECF pp. 2-3.)

As relief, Tyler seeks an injunction "forcing defendants to accord [him] due process." (*Id.* at CM/ECF p. 2.) He also seeks judgment against Friend in the amount of $100,000,000.00. (*Id.* at CM/ECF p. 3.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented

---

Moreover, in order for a plaintiff to proceed with his claims, he must have standing. As a general rule, to establish standing a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, the court will consider only those claims that implicate Tyler's legal rights or interests.

or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Tyler alleged in the Complaint that Defendants' practice of directly assigning all of his cases to Judge Coffey—thereby deviating from the normal process of "random selection by computer"—violates his right to equal protection. Tyler's argument fails as a matter of law and as a matter of fact.[2]

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." This amendment "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "'State actors may, however, treat dissimilarly situated people dissimilarly without running afoul of the protections afforded by the clause.'" *Habhab v. Hon*, 536 F.3d 963, 967 (8th Cir. 2008) (quoting *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000)).

---

[2]The court does not reach the question of whether Judge Coffey is entitled to judicial immunity because the Complaint otherwise fails to state a claim upon which relief can be granted. The question of whether Judge Coffey—and, by extension, John Friend—is entitled to immunity is complicated by Tyler's allegations that Defendants have implemented an *ongoing* allegedly unconstitutional practice, potentially making declaratory relief unavailable. See 42 U.S.C. § 1983 (in any action brought against judicial officer for act or omission taken in officer's judicial capacity, injunctive relief shall not be granted unless declaratory decree was violated or declaratory relief was unavailable).

The Supreme Court recognized an equal protection claim for discrimination against a "class of one." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The purpose of a class-of-one claim is "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.* A class-of-one claimant may prevail by showing "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

Here, Tyler did not allege the policy at issue was implemented because of Tyler's membership in a protected class. Therefore, he must show that Defendants intentionally treated him differently from others similarly situated and that there is no rational basis for the difference in treatment. *See id.* Here, Tyler cannot plausibly allege that Defendants' actions in directly assigning his cases to one judge for processing and decision is irrational. Such actions are clearly reasonable in light of Tyler's repeated abuse of judicial processes in Nebraska's state courts.

In *State ex rel. Tyler v. Douglas Cnty. Dist. Court*, 580 N.W.2d 95 (Neb. 1998), the Nebraska Supreme Court upheld the state district court's order limiting the number of pleadings that Tyler could file in the court to one per month as long as he was proceeding in forma pauperis and representing himself. The court noted the state district court's finding that Tyler had filed 99 cases in an eight-year period in Douglas County, Nebraska. *Id.* at 97.

In 1999, the Nebraska Supreme Court entered administrative orders limiting Tyler's access to the judicial process. *See Tyler v. Stennis*, 635 N.W.2d 550, 551 (Neb. Ct. App. 2001) (citing administrative orders dated October 28, 1999).

In 2001, the Nebraska Court of Appeals barred Tyler from appealing any cases in which Tyler had sued LaVon Stennis or Calvin Dunn concerning a 1992 real estate

4

transaction. *Id.* at 552. The court noted that Tyler's actions against Stennis and Dunn had spawned at least 19 docketed appeals or original actions between 1997 and 2001. *Id.* at 551.

In *State ex rel. Com'n on Unauthorized Practice of Law v. Tyler*, 811 N.W.2d 678, 682 (Neb. 2012), the Nebraska Supreme Court determined that Tyler is a nonlawyer who has repeatedly engaged in the unauthorized practice of law. The court enjoined Tyler "from engaging in the unauthorized practice of law in any manner, including but not limited to . . . giving advice or counsel to another entity . . . [and] selecting, drafting, or completing, for another entity or person, legal documents which affect the legal rights of the entity or person." *Id.* at 741-42.

Tyler has consistently abused the judicial process in the federal courts as well. In 1987, the district judges of this court determined Tyler had flagrantly and repeatedly abused the judicial process by filing a multitude of meritless civil rights lawsuits and habeas corpus petitions on behalf of himself and others. *In re Tyler*, 677 F.Supp. 1410 (D. Neb. 1987). The court ordered that Tyler was limited to filing one lawsuit per month unless the complaint or petition set forth that he had been or was about to be subjected to immediate, extraordinary, and irreparable physical harm. *Id.* at 1414. The Eighth Circuit Court of Appeals upheld the court's order in *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988). The Eighth Circuit wrote of Tyler's abusive actions:

> Since January 1, 1986 Mr. Tyler has filed 113 cases in this court in his own name as petitioner or plaintiff. Prior to January 1, 1986 he had filed 36 such lawsuits. In addition to those in which he is a named plaintiff, he also has drafted innumerable complaints in behalf of other inmates at the Nebraska State Penitentiary or in those institutions in which he has been confined. In all cases he has been granted leave to file such complaints without the prepayment of costs or filing fees, pursuant to the provisions of 28 U.S.C. § 1915. According to records in the office of the clerk, 51 of Mr. Tyler's cases were dismissed without

service of summons upon a finding that they were either frivolous or had at least failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983. Six were dismissed on motions of the defendants before trial. Thirty-one cases were dismissed on the plaintiff's motion before trial. Two were dismissed when the plaintiff refused to appear at a pretrial conference with the magistrate and defense counsel at the penitentiary. Mr. Tyler filed no less than 17 petitions for writs of habeas corpus, almost all of which challenged, on the same grounds, the conviction for which he is serving a sentence. Of his civil rights cases, only two have gone so far as to require a trial, one of which was dismissed at the close of the plaintiff's case, and the other resulted in a judgment for plaintiff for nominal damages in the amount of $5.00.

. . . .

Further, Mr. Tyler has in his letters to the court, pleadings filed with the court, and statements made during court sessions, used foul and disgusting language, calling court staff, including deputy and assistant clerks, law clerks, secretaries, magistrates, and judges, racially derogatory names, hurled epithets, and otherwise utilized abusive language disrespectful of the court and all in his presence.

*In re Tyler*, 839 F.2d at 1291-92.

While Tyler's abuses of the judicial system have been limited by the orders summarized in the preceding paragraphs, he has continued to file frivolous and vexatious litigation. Indeed, in 2003, the chief judge of this court amended the order entered in 1987 because of Tyler's continued litigation abuses. *In re Tyler*, 262 F. Supp. 2d 1021 (D. Neb. 2003). The court noted that between February 1990 and February of 2003, Tyler was a party to 78 cases in this court. Here, the undersigned judge notes that, between January 1, 2003, and December 10, 2014, Tyler has appeared as a plaintiff, petitioner, intervenor, or interested party in nearly 100 cases in this court.

6

Because of Tyler's long history of abusing the judicial systems in both the state and federal courts, he cannot plausibly allege the state district court's practice of assigning his cases to one judge for processing and decision is irrational. As such, his equal protection claim fails as a matter of law.

To the extent Tyler intended to argue that he has been denied access to the courts, his claim fails to state a claim upon which relief can be granted. In order to state a claim for denial of access to the courts, a plaintiff must allege that a defendant hindered his efforts to pursue a non-frivolous legal claim and that the plaintiff suffered some actual concrete injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350-54 (1996). Here, Tyler does not allege that his efforts to pursue non-frivolous legal claims have been hindered. Indeed, Tyler's allegations establish that his cases are being filed and processed by the state district court. To the extent Tyler takes issue with the decisions rendered in those actions, his avenues for relief are timely appeals to Nebraska's appellate courts.

Finally, to the extent Tyler's Complaint could be construed to challenge the state district court's enforcement of the civil injunction entered in the Nebraska Supreme Court that prevents Tyler from engaging in the unauthorized practice of law,[3] the court abstains from exercising jurisdiction over any such claim. The court recognizes that Nebraska has an important obligation to regulate individuals who practice law within Nebraska. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982). Tyler has filed several cases in this court requesting relief from Nebraska's regulation of his unauthorized practice of law. In each case, the court has abstained from exercising jurisdiction over his claims under *Younger v. Harris*, 401 U.S. 37 (1971), and *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). (*See* Case No. 8:13CV13, Filing No. 6;

---

[3](*See* Filing No. 1-1 at CM/ECF p. 2 ("Policy Supra Practices Procedures violate our Nigger Amendment Rights to Freedom of Speech Expression and association.").)

7

Case No. 8:12CV94, Filing No. 8 ( aff'd Filing No. 16); Case No. 8:12CV277, Filing No. 7 ( aff'd Filing No. 14).)

Merely out of an abundance of caution, the court will provide Tyler with 30 days in which to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint or failure to sufficiently amend his claims will result in dismissal of this action with prejudice for the reasons discussed in the paragraphs above.

IT IS THEREFORE ORDERED that:

1. Tyler will have 30 days from the date of this Memorandum and Order in which to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint or failure to sufficiently amend his claims will result in dismissal of this action *with prejudice* for the reasons discussed in the paragraphs above.

2. The clerk's office is directed to set the following case management deadline in this matter: January 12, 2015: Check for amended complaint.

DATED this 11th day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.